**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ROBERT HALL, #R-00852, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 18-CV-2009-SMY ) |
| WILLIAM SPILLER, JACQUELINE LASHBROOK, MCCARTHY, SHAUN GEE, KENT BOOKMAN, JASON HART, TERI KENNEDY, and DONNA JONES, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Robert Hall, an inmate of the Illinois Department of Corrections ("IDOC") brings this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff asserts claims against various officials at Menard Correctional Center, where he was previously incarcerated, and against Terry Kennedy, the Warden of Pontiac Correctional Center ("Pontiac"), where he is currently incarcerated. Plaintiff claims that officials at Menard retaliated against him for honestly answering questions about a staff assault by, among other things, placing him in administrative segregation, falsely labeling him an informant, and issuing false disciplinary tickets. Plaintiff was subsequently transferred to Pontiac and now claims that his life is in danger because Pontiac inmates believe he is an informant and because Warden Kennedy is not sufficiently protecting him from these inmates. In connection with this claim, Plaintiff has filed a Motion for

1

Preliminary Injunction. (Doc. 2).

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The Court must also determine whether misjoinder is an issue and retains authority to sever unrelated claims against different defendants into one or more additional lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## THE COMPLAINT

Plaintiff makes the following allegations in the Complaint: On April 24, 2017, while Plaintiff was incarcerated at Menard, he was questioned by Lieutenant Spiller, a member of the Gang Intelligence Unit, regarding a staff assault. (Doc. 1, p. 3). Plaintiff told Lieutenant Spiller and other members of the Gang Intelligence Unit that he did not know anything about the incident and was not involved. (Doc. 1, pp. 3-5). Lieutenant Spiller and Riker, an investigator with the Gang Intelligence Unit (not a defendant in this action) did not like Plaintiff's answers. Both officials proceeded to pressure Plaintiff to change his responses and threatened him with various forms of punishment. (Doc. 1, pp. 4-5). Plaintiff insisted he was telling the truth and refused to provide the information Lieutenant Spiller and Riker wanted to hear. *Id.*

Because Plaintiff refused to comply, Spiller retaliated against him by placing him in administrative segregation for fifteen days, depriving him of hygiene items, medication, weather appropriate clothing, and bedding while he was in administrative segregation, issuing false disciplinary tickets (resulting in Plaintiff being punished with fifteen months in segregation), and

falsely labeling him an informant. (Doc. 1, pp. 3-6, 9-11). Gee, an investigator with the Gang Intelligence Unit, assisted Spiller by issuing one of the false disciplinary tickets. (Doc. 1, pp. 7-8). Warden Lashbrook and McCarthy, an investigator with the Gang Intelligence Unit, were aware of the retaliatory conduct but refused to intervene. (Doc. 1, pp. 10-11). In refusing to intervene, Lashbrook and McCarthy had a retaliatory motive. *Id.*

Defendants Bookman and Hart, the Adjustment Committee members who adjudicated Plaintiff guilty on the false disciplinary tickets, violated his due process rights (Doc. 1, pp. 7-8). Lieutenant Spiller, Warden Lashbrook, and McCarthy violated Plaintiff's Eighth Amendment rights by labeling him a snitch and/or ignoring subsequent threats to his safety (Doc. 1, pp. 9-11), and Spiller violated his Eighth Amendment rights by subjecting him to unconstitutional conditions of confinement for fifteen days when he was in administrative segregation (Doc. 1, pp. 3-5).

In November 2017, Plaintiff was transferred to Pontiac. (Doc. 1, pp. 11-13). Because Plaintiff has been labeled an informant, his life is in danger. *Id.* Plaintiff is particularly concerned because an inmate formerly housed with Plaintiff at Menard has also been transferred to Pontiac. *Id.* Lieutenant Spiller told this inmate that Plaintiff informed on him. *Id.* As a result, the inmate and members of his gang are a threat to Plaintiff's safety. *Id.* Warden Kennedy is violating Plaintiff's Eighth Amendment rights by failing to protect him from this inmate and members of his gang. *Id.*

### DISMISSAL OF DONNA JONES

Donna Jones is identified as a defendant in the case caption. However, Plaintiff has not mentioned this individual in his statement of claim. Accordingly, this individual shall be dismissed from the Complaint without prejudice. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir.

1998).

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following Counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these Counts does not constitute an opinion regarding their merit.

> **Count 1:** First Amendment claim against Spiller for retaliating against Plaintiff for refusing to implicate other prisoners in a staff assault by placing him in administrative segregation for fifteen days, depriving him of certain items while he was in administrative segregation, issuing false disciplinary tickets (resulting in Plaintiff being punished with fifteen months in segregation), and labeling him an informant; against Gee for issuing a false disciplinary ticket; and against Lashbrook and McCarthy for failing to intervene on his behalf.
>
> **Count 2:** Fourteenth Amendment claim against Bookman and Hart for finding him guilty of the false disciplinary tickets and sentencing him to fifteen months in segregation.
>
> **Count 3:** Eighth Amendment claim against Spiller for exposing Plaintiff to a substantial risk of serious harm by falsely labeling him an informant, and against Lashbrook, and McCarthy for ignoring the subsequent threat to his safety.
>
> **Count 4:** Eighth Amendment claim against Spiller for subjecting Plaintiff to unconstitutional conditions of confinement when he was in administrative segregation for fifteen days (from April 24, 2017 through May 8, 2017).
>
> **Count 5:** Eighth Amendment failure to protect claim against Kennedy.

## SEVERANCE

Counts 1 - 4, relating to a series of events occurring at Menard, and Count 5, which pertains to events occurring at Pontiac, are not properly joined in a single action. *See* FED. R.

CIV. P. 20(a)(2); *George*, 507 F.3d at 607); 3A *Moore's Federal Practice* § 20.06, at 2036–45 (2d ed.1978). Accordingly, the Court exercises its authority under Rule 21 and severs the improperly joined claims as follows: Count 5, which includes Plaintiff's request for a preliminary injunction, will be severed into a separate action with a newly assigned case number. **Further, pursuant to 28 U.S.C. § 1404(a), the Clerk of the Court will be directed to transfer the severed action to the United States District Court for the Central District of Illinois.** Counts 1 - 4 will remain in this action and will be subject to preliminary review below.

## MERITS REVIEW COUNTS 1-4

### *Count 1 – First Amendment Retaliation Claim*

Plaintiff has adequately alleged that he engaged in protected conduct. *See McKinley v. Schoenbeck*, 731 F. App'x 511, 514 (7th Cir. 2018) (An offender's truthful responses to an internal affairs investigation are consistent with legitimate penological objectives and constitute protected conduct, even if prison staff is unhappy with the content of the responses.). He has also adequately alleged that his truthful comments during the investigation were the motivating factor in placing him in administrative segregation, depriving him of various items while he was in administrative segregation, writing false disciplinary tickets (resulting in fifteen months in segregation), and labeling him an informant. (Doc. 1, pp. 3-10). Further, the Complaint suggests that Lashbrook and McCarthy had a retaliatory motive for condoning the allegedly retaliatory conduct and/or for failing to intervene on his behalf. (Doc. 1, p. 9 ¶¶ 30-32; Doc. 1, pp. 10-11 ¶¶ 39-43). Accordingly, Plaintiff will be allowed to proceed on Count 1.

### *Count 2 – Fourteenth Amendment Claim*

Plaintiff was punished with 15-months in segregation, which is likely long enough to trigger Fourteenth Amendment due process protections. *See Marion v. Columbia Correction*

5

*Inst.*, 559 F.3d 693, 699 (7th Cir. 2009). The Complaint also suggests that Bookman and Hart were not impartial and/or knowingly convicted him of false disciplinary charges. (Doc. 1, pp. 7-8). Accordingly, Plaintiff will be allowed to proceed on Count 2. *See Wolff v. McDonnell*, 418 U.S. 539 (1974); *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).

### *Count 3 – Eighth Amendment Failure to Protect Claim*

Plaintiff alleges that Spiller falsely identified him as an informant, and that Lashbrook and McCarthy ignored the subsequent threat to his safety. (Doc. 1, pp. 9-11). These allegations are sufficient to allow Plaintiff to proceed on Count 3. *See Wright v. Miller*, 561 F. App'x. 551, 555 (7th Cir. 2014); *Brown v. Narvais,* 265 F. App'x 734, 736 (10th Cir. 2008).

### *Count 4 – Eighth Amendment Conditions of Confinement Claim*

Plaintiff claims that while he was in administrative segregation from April 24, 2017 through May 8, 2017, he was deprived of a bed roll, hygiene items, cleaning supplies, medication, and weather appropriate clothing. (Doc. 1, p. 5). The Complaint also suggests that Spiller was aware of the allegedly unconstitutional conditions but refused to take any action on Plaintiff's behalf. (Doc. 1, p. 6). These allegations are sufficient to allow Plaintiff to proceed on Count 4. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016); *Lewis v. Lane*, 816 F.2d 1165, 1171 (7th Cir. 1987).

### PENDING MOTIONS

Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 3) will be addressed in a separate Order.

### DISPOSITION

### *Dismissal of Donna Jones*

**IT IS HEREBY ORDERED** that **JONES** is **DISMISSED** from the Complaint without prejudice. The Clerk of the Court is **DIRECTED** to terminate her as a party in CM/ECF.

*Severance*

**IT IS HEREBY ORDERED** that **COUNT 5** directed against **KENNEDY** is **SEVERED** into a new case. That new case shall be: Claim against **KENNEDY (Warden, Pontiac, CC).**

In the new case, the Clerk is **DIRECTED** to file the following documents:

(1) The Complaint (Doc. 1);
(3) Plaintiff's Motion for Preliminary Injunction and Brief in Support (Doc. 2); Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. 3); and
(5) This Memorandum and Order.

**FURTHER,** once the newly severed action is opened, **the Clerk of the Court is ORDERED to transfer the action to the United States District court for the Central District of Illinois**.

**IT IS FURTHER ORDERED** that the **only claims remaining in this action, are COUNS 1-4**. The Clerk of the Court is **DIRECTED** to terminate **KENNEDY** as a defendant in this action and to terminate the Motion for Preliminary Injunction (Doc. 2), as Plaintiff's request for injunctive relief will be addressed in the severed action.

*Merits Review Counts 1-4*

**IT IS HEREBY ORDERED** that the Complaint, which includes **COUNTS 1-4**, shall receive further review.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **SPILLER, LASHBROOK, MCCARTHY, GEE, BOOKMAN,** and **HART**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If one of the defendants fails to sign and return the Waiver of Service of Summons (Form 6) to

the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 26, 2018**

s/ STACI M. YANDLE
**STACI M. YANDLE**
**United States District Judge**
