**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| ROBERT HALL, #R00852, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 18-cv-2009-SMY-RJD |
| | ) | |
| WILLIAM SPILLER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT**

NOW COME Defendants, KENT BOOKMAN, SHAUN GEE, JASON HART, JACQUELINE LASHBROOK, NATHAN McCARTHY, and WILLIAM SPILLER, by and through their attorney, KWAME RAOUL, Attorney General of the State of Illinois, answer and assert the following affirmative defenses to Plaintiff's Complaint (Doc. 1), stating as follows:

> I. Jurisdiction
> Plaintiff brings this lawsuit pursuant to
> 42 U.S.C. §1983. This Court has jurisdiction
> Under 28 U.S.C. §1331 + 1343.

**RESPONSE: Defendants admit this court has jurisdiction over claim for damages brought under 42 U.S.C §1983. Defendants deny jurisdiction as to request for injunctive relief.**

> II. Venue
> The Southern District of Illinois is an
> appropriate venue under 28 U.S.C. §1391 (b)(2)
> because a substantial part of the events, or
> omissions giving rise to the claim occurred
> in this district.

**RESPONSE: Defendants admit venue is proper.**

III. : Parties

A) Plaintiff, Robert Hall, was at all times relevant to this action, a prisoner incercerated at the Illinois Dept. of Corrections, Menard C.C.

**RESPONSE: Admitted.**

B) Defendant William Spiller, was at all times relevant to this action, the Sgt / L.T. of the gang-intel unit at Menard c.c. responsible for investigating gang activity ... sued in his individual capacity.

**RESPONSE: Defendant Spiller admits he was the Intelligence Unit Cooordinator since 2015. Defendant Spiller admits he was a Correctional Seargent through August 2017, then a Correctional Lieutenant. Defendant Spiller admits the Intelligence Unit's responsibility is to investigate Secuirty Threat Group activity at Menard. Defendants Lashbrook, McCarthy, Gee, Bookman, and Hart lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

C) Defendant Jacqueline Lashbrook, was at all time relevant to this action, the Warden of Menard c.c, and responsible for approval of disciplinary sanctions, appeals thereof, and the safety and security of prisoners at the facility.

**RESPONSE: Defendant Lashbrook admits she was Warden of Menard during relevant times, that she finalizes disciplinary sanctions through her Assistant Wardens or herself. Defendant Lashbrook denies she approves appeals stating that sanctions may be**

appealed through the gievance office of the facility that imposed them, or throughth e ARB

if the inmate is no longer housed at the same institution. Defendants Spiller, McCarthy, Gee,

Bookman, and Hart lack knowledge or information sufficient to form a belief as to the truth

of the allegation.



D) Defendant McCarthy, at all times relevant to this claim, was an investigator at the gang-intel unit at Menard.

**RESPONSE:** Defendant McCarthy admits the following allegations. Defendants

Lashbrook, Spiller, Gee, Bookman, and Hart lack knowledge or information sufficient to

form a belief as to the truth of the allegation.

E) Defendant Shaun Gee, at all times relevant to this claim, was an investigator at the gang-intel unit at Menard.

**RESPONSE:** Defendant Gee admits the following allegations. Defendants Lashbrook,

Spiller, McCarthy, Bookman, and Hart lack knowledge or information sufficient to form a

belief as to the truth of the allegation.

F) Defendants Kent Bookman and Jason Hart, were members of the Institutions Adjustment Committee. responsible for Adjustment Hearings. Sued in their individual Capacities.

**RESPONSE:** Defrendants Bookman and Hart admit the following allegations.

Defendants Lashbrook, Spiller, Gee, and McCarthy lack knowledge or information

sufficient to form a belief as to the truth of the allegation.

G) Defendant Teri Kennedy, the Warden at Pontiac C.C., is responsible for the safety and security of the prison and prisoners. She is also responsible for review and approval of inmate placement in protective custody. Sued in her official capacity.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

H) All defendants have acted, and continue to act, under the color of state law at all times relevant to this complaint.

**RESPONSE: Defendants admit that at all times relevent to the allegations and events in the complaint they acted under the color of law. Defendants deny the allegation that they continue to act under the color of law.**

I) Defendants B-I are sued in their individual capacities.

**RESPONSE: Defendants admit.**

IV: Previous Lawsuits

Plaintiff filed two previous suits

A) 1983, Hall-V- Punke, et al No: 15-cv-01031, Judge Bruce, active, filed appx January 2015.

B) Mandamus, Hall-V- Bookman, et al, Doc #No. 17-MR-105, Judge Gross. filed appx Nov. 2017, date of disposition 6-6-18.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

V Statement of Facts

1) On the morning of April 24, 2017, defendant Spiller, along with some three to four members of the Entel-Unit came to my assigned cell at Menards East House, and asked me to cuff up for a shakedown.

**RESPONSE: Defendant Spiller admits to coming to Plaintiff's cell on April 24, 2017. Defendant Spiller lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation. Defendants Lashbrook, Gee, Bookman, Hart, and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

2) I was then led down the stairs by defendant Spiller, and directed out of the building, where investigator Riker awaited.

**RESPONSE:** Defendant Spiller lacks knowledge or information sufficient to form a belief as to the truth of the allegation. Defendants Lashbrook, Gee, Bookman, Hart, and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.

> 3) I was taken to the School building where defendant Spiller, Riker, and an unknown investigator began to question me about a staff assault that took place the night before

**RESPONSE:** Defendant Spiller admits to questioning Plaintiff about a staff assault but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Defendants Lashbrook, Gee, Bookman, Hart, and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.

> 4) I explained to the three that I didn't go out to dinner, so I had no knowledge of the assaults.

**RESPONSE:** Defendant Spiller lacks knowledge or information sufficient to form a belief as to the truth of the allegation. Defendants Lashbrook, Gee, Bookman, Hart, and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.

> 5) Defendant Spiller and Riker began to tell me how things were not going to go well for me if I didn't tell them what I knew about the staff assaults.

**RESPONSE:** Defendant Spiller lacks knowledge or information sufficient to form a belief as to the truth of the allegation. Defendants Lashbrook, Gee, Bookman, Hart, and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.



6) I again, reminded them that I didn't hear or knew anything.

**RESPONSE:** Defendant Spiller lacks knowledge or information sufficient to form a belief as to the truth of the allegation. Defendants Lashbrook, Gee, Bookman, Hart, and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.

7) Defendant Spiller rose from his seat, and stated "your guys assaulted staff, and if you don't tell me what you know, not only will I hook you up and recommend you back to A.D (adm. detention), I'll also push for a charge of assault in court."

**RESPONSE:** Defendant Spiller lacks knowledge or information sufficient to form a belief as to the truth of the allegation. Defendants Lashbrook, Gee, Bookman, Hart, and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.

8) Investigator Riker then states, "With your history, it wouldn't take much to put you in A.D again... so either you tell us Something, give us names, or you pay the price for those guys."

**RESPONSE: Defendant Spiller lacks knowledge or information sufficient to form a belief as to the truth of the allegation. Defendants Lashbrook, Gee, Bookman, Hart, and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

9) I stated, "I have nothing to offer you". The Unknown member then states, "I will be sure to transfer you out of state where the Aryan Nation and Mexican Mafia run the show, and see how you survive without the 4 Corner Hustlers".

**RESPONSE: Defendant Spiller lacks knowledge or information sufficient to form a belief as to the truth of the allegation. Defendants Lashbrook, Gee, Bookman, Hart, and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

10) I told this investigator, "do what you have to do, I'll go where I have to go... but, I have nothing to speak with any of you about".

**RESPONSE: Defendant Spiller lacks knowledge or information sufficient to form a**

belief as to the truth of the allegation. Defendants Lashbrook, Gee, Bookman, Hart, and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.



11) The unknown member then instructs defendant Spiller to "get him (me) out of here".

**RESPONSE:** Defendant Spiller lacks knowledge or information sufficient to form a belief as to the truth of the allegation. Defendants Lashbrook, Gee, Bookman, Hart, and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.

12) I was immediately taken to North 2 Seg. unit.. strip-searched, given a seg. jumpsuit, and placed on six gallery under investigative status.

**RESPONSE:** Defendants admit that Plaintiff was taken to North II segregation unit while under investigative status. . Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegation.

13) From appx. April 24th - May 8th, 2019, I was placed into this Seg. cell without a bedroll, hygiene product, cleaning supplies, my medication, fan, change of clothes, or weather appropriate clothing for 14 days.

**RESPONSE:** Defendants admit that Plaintiff was taken to North II segregation unit

while under investigative status from April 24, 2017 to May 10, 2017. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

14) During the 14 days without the above, I requested of every staff member (c/o) to

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

15) On or around May 2, 2017, I was again summoned by the intel unit to the school building, where investigator Riker awaited with defendant Spiller.

**RESPONSE:** Defendant Spiller lacks knowledge or information sufficient to form a belief as to the truth of the allegation. Defendants Lashbrook, Gee, Bookman, Hart, and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.

16) Defendant Spiller began by asking me " how are your living arrangements in seg?". After explaining that I didn't have anything in my cell, Spiller replied "I know".

**RESPONSE:** Defendant Spiller lacks knowledge or information sufficient to form a

belief as to the truth of the allegation. **Defendants Lashbrook, Gee, Bookman, Hart, and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

> 17) Spiller then goes on to say," This is a last shot to work with us (inform), and we will get you your property, and let you out of Seg... or you can stay in seg". I refused to say anything at all.

**RESPONSE: Defendant Spiller lacks knowledge or information sufficient to form a belief as to the truth of the allegation. Defendants Lashbrook, Gee, Bookman, Hart, and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

> 18) On or around May 1, 2017, I explained to Mr. Gould of the Mental Health staff that I was being retaliated against by Security staff, who would not provide me with any of the aforementioned items

**RESPONSE**: **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

> 19) The Security staff present said something to Mr. Gould, and they walked off

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**



20) On May 4, 2017, I was issued a disciplinary report by defendant Shaun Gee, an officer of the Entel-unit, for the charge of 205: STG (gang literature).

**RESPONSE:** Defendant Gee admits he issued a disciplinary report to Plaintiff on the above date for the charge of 205: STG Activity.  Defendants Lashbrook, Spiller, Bookman, Hart and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.

21) On May 9, 2017, I went before defendants Kent Bookman and Jason Hart, of the adjustment Committee to hear the 205 charge by defendant Gee.

**RESPONSE:** Defendants Bookman and Hart deny the allegations. According to Plaintiff's grievance logs, Plaintiff's Adjustment Committee hearing occurred on May 11, 2017. Defendants Lashbrook, Spiller, Gee, and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.

22) I explained to defendants Bookman and Hart, that the ticket was in retaliation for me refusing to become an informant. And that the disciplinary report states the materials was found in someone elses cell, not in my possession.

**RESPONSE:** Defendants Bookman and Hart deny the allegations. According to Plaintiff's grievance logs, Plaintiff had no statement at the Adjustment Committee hearing

on May 11, 2017. **Defendants Lashbrook, Spiller, Gee, and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

23) Defendant Bookman stated that he'd check the Offender 360 (tracking sheet), and if I didn't reside in said cell, he'd dismiss the charge.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

24) On information and belief, defendant Bookman informed the intel-unit of this fact to assist them in the cover up.

**RESPONSE: Defendant Bookman denies the allegations in paragraph 24. Defendants Lashbrook, Spiller, Gee, and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

25) Later, on the very same night of May 9th, I was served with a new disciplinary report charging: 111 STG Leadership by defendant Spiller of the Entel-Unit, and a rewritten disciplinary report from defend-ant Gee for 205: STG.

**RESPONSE: Defendant Spiller admits Plaintiff was served with a disciplinary report charging 111 STG Leadership. Defendant Gee admits Plaintiff was issued a disciplinary report for 205: STG for gang materials found in his cell. Defendants Lashbrook, Bookman, Hart, and McCarthy lack knowledge or information sufficient to form a belief as to the truth**

of the allegation.



26) On May 10, 2017, I was removed from the general seg. unit, and placed on a more restricted unit called C-Wing, the administrative detention unit of Menard, without incident, or a hearing.

**RESPONSE: Defendant Spiller admits that Plaintiff was moved to C-Wing segregation during the investigation. Defendant Spiller denies stating that an inmate does not need a hearing to be placed in C-Wing. Defendant Spiller denies that Plaintiff was in administrative detention at this time. Defendants Lashbrook, Gee, Bookman, Hart, and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

27) On May 11, 2017, defendant Bookman called me before the adjustment committee, where I was immediately told by defendant "I don't know who you pissed off at antel, but I've got to find you guilty, because your guys assaulted staff... file a grievance."

**RESPONSE: Defendant Bookman lacks knowledge or information sufficient to form a belief as to the truth of the allegation. Defendants Lashbrook, Gee, Spiller, Hart, and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

28) Defendant Hart agreed, I was then Sanctioned a total of fifteen months of Seg., 15 Months Commissary privilege restrictions, 15 months phone restrictions, 15 Months Visiting restrictions (contact), for both the Charges Combined.

**RESPONSE: Defendant Hart lacks knowledge or information sufficient to form a belief as to the truth of the allegation. Defendants admit that Plaintiff was disciplined by the Adjustment Committee with the above mentioned discipline for both charges combined.**

29) These Sanctions were appealed to, and Sanctioned, by defendant Lashbrook.

**RESPONSE: Defendant Lashbrook admits that she approves the sanctions. Defendant Lashbrook disputes that if Plaintiff wishes to appeal the sanctions imposed, he may do so through the facility's grievance office or appeal to the ARB. Defendants Bookman, Gee, Spiller, Hart, and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

30) On approximately May 24, 2017, defendant Lashbrook made rounds on C-Wing, where I handed her my disciplinary report, Summary, asking her to look into my being retaliated against by Intel unit and adjustment Committee.

**RESPONSE: Defendant Lashbrook lacks knowledge or information sufficient to form a belief as to the truth of the allegation. Defendants Bookman, Gee, Spiller, Hart, and**

McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.

31) I also handed her a note, asking for her help in removing me from the A.D. unit where I was being investigated by other STG (gang) members, due to defendant Spiller labeling me an "informant" amongst prisoners.

**RESPONSE:** Defendant Lashbrook lacks knowledge or information sufficient to form a belief as to the truth of the allegation. Defendants Bookman, Gee, Spiller, Hart, and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.

32) Defendant Lashbrooke replied, that "you May not have assaulted my staff, but your guys did, and thats good enough for me."

**RESPONSE:** Defendant Lashbrook lacks knowledge or information sufficient to form a belief as to the truth of the allegation. Defendants Bookman, Gee, Spiller, Hart, and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.



33) Defendant Spiller would frequent C-Wing, and would stop at my cell or loudly ask me questions like "are you ready to leave? it'll take just a phone call", or he'd ask, "how are you and your rappie getting along?"

**RESPONSE:** Defendant Spiller lacks knowledge or information sufficient to form a belief as to the truth of the allegation. Defendants Lashbrook, Gee, Bookman, Hart, and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.

34) Defendant Spiller would ask this with full knowledge that he had spread the rumor about me informing on a prisoner, my "rappie".

**RESPONSE:** Defendant Spiller lacks knowledge or information sufficient to form a belief as to the truth of the allegation. Defendants Lashbrook, Gee, Bookman, Hart, and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.

35) During, or around, September 7-9, 2017, upon hearing that the deputy director was going to tour Menard, I declared a hunger strike in an attempt to speak with him and explain the retaliation, and risk to my life by being labeled an informant.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

36) During this hunger strike, my family had called the prison to complain, and to support me.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

37) Instead of defendant Lashbrooke speaking with me, or notifying the deputy director, as is protocol...based upon his statement, defendant McCarthy was sent by Lashbrooke

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

38) I explained to defendant McCarthy that I was being targeted by STG's for being labeled a snitch, and needed to speak with the warden, which is why I'm on strike.

**RESPONSE: Defendants deny the allegation that Plaintiff was labeled a snitch. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

39) Defendant McCarthy replies that, "the Warden isn't going to talk to you, no ones going to speak with you until you cooperate with the Intel-unit .. you'll get out of seg and this all goes away .. thats how it works in Menard".

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

40) I refused the offer, defendant McCarthy Closes the chuck-hole, and walks away from the hospital cell.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

41) Upon ending my hunger strike, the defendants Sent me back to the adm. detention unit, and cell .. fully aware of the almost certain and emminent risk to my safety, after being labeled an informant.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

42) On several occassions, I attempted to reach other officials within the administration at Menard, particularly Warden Reece (I believe), to seek his help

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief as**

to the truth of the allegation.

> 43) Upon discovery of my doing so, defendants Spiller and McCarthy told me that my attempts were going nowhere, as all incoming and outgoing mail went through their (intel-unit) hands.

**RESPONSE: Defendants Spiller and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation. Defendants Lashbrook, Gee, Bookman, and Hart lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

> 44) With this knowledge, I then wrote to Illinois State Representative LaShawn K. Ford, regarding the retaliation.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

> 45) On November 3, 2017, I was transferred from Menard to Pontiac c.c., along with the prisoner whom defendant Spiller spread the rumor of me informing on.

**RESPONSE: Defendant Spiller admits that both inmates were transferred to Pontiac. Defendant Spiller denies the allegation that he spread a rumor of Plaintiff informing on the prisoner. Defendants Lashbrook, Gee, Bookman, Hart and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

46) Upon completion of my seg time on May 24, 2018, I was informed that I was to appear before an Adm. Review Committee, to determine whether I would be placed in administrative detention.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

47) At this hearing, I explained the retaliator actions of the defendants, which led me before the Committee.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

48) I also requested that the Committee do not approve my placement in Adm. Detention, as I explained the gang-ordered hit on me for being labeled an informant.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

49) I went on to state that the prisoner whom defendant Spiller lied about me informing on was present at adm. detention, as (crossed out) Doe (crossed out) are members of his gang.

**RESPONSE: Defendant Spiller denies the allegation that he lied about Plaintiff to prisoner. Defendants Lashbrook, Gee, Hart, Bookman, and McCarthy lack knowledge or**

information sufficient to form a belief as to the truth of the allegation.

50) I concluded by requesting, and with detail why, protective custody would be a safer and suitable placement for my health and safety.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

51) On June 18, 2018, I received a summary of the hearing, which approved my placement in adm. detention.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

52) On June 11, 2018, I filed an emergency grievance to defendant Kennedy, requesting protective custody here at Pontiac c.c.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

53) On June 15, 2018, this grievance was denied its emergency status, and not investigated by, nor addressed by, defendant Kennedy.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

Case No. 18-cv-2009-SMY-RJD                                    Page **22** of **30**

54) On June 28, 2018, I filed an appeal to this grievances' denial by defendant (~~both 54~~) Kennedy, to the Adm Review Board.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

55) On July 10, 2018, The Adm Review Board responded by stating, "no justification for additional consideration."

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

VI : Exhaustion of Administrative Remedies
a) I filed a grievance in accordance with the Procedure administrative rules
b) Facts related to my complaint are within the grievances.
c) All grievances were exhausted by forwarding them through the counselor, grievance officer, Warden, and finally to the adm. review board at Springfield.
d) they were denied, uninvestigated, on every level, thus, exhausted.

                    (See exhi G, H, I, J, K
                    L, M, N, O, S, T, U

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief as**

to the truth of the allegation.

VII: Cause of Action
        Count 1
        Plaintiff was Subjected to Retaliation
for Exercise of His First Amendment Right
56) Plaintiff incorporates paragraphs 1 through
55 as though they were stated fully herein.

**RESPONSE: Defendants deny violating Plaintiff's First Amendment right.**

57) Defendant Spiller and Gee of fabricated
disciplinary reports in retaliation to punish the
plaintiff for exercising his constitutional first
Amendment Rights.

**RESPONSE: Defendants Spiller and Gee deny the allegations in this paragraph. Defendants Spiller and Gee deny violating Plaintiff's First Amendment rights. Defendants Lashbrook, Bookman, Hart and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

58) Defendant Spiller retaliation, in labeling the
Plaintiff a "Snitch" amongst prisoners, becau
-se he refused to inform, violated plaintiffs
First Amendment rights.

**RESPONSE: Defendant Spiller denies labeling Plaintiff a snitch and further denies violating Plaintiff's First Amendment rights whatsoever. Defendants Lashbrook, Gee, Bookman, Hart and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

59) Defendants Bookman and Hart' enforcement of disciplinary charges in collusion with both defendants Spiller and Gee, violated plaintiffs First Amendment rights

**RESPONSE: Defendants Bookman and Hart deny colluding with Defendants Spiller and Gee and further deny violating Plaintiff's rights whatsoever. Defendants Lashbrook, Gee, Spiller, and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

60) Defendant Lashbrooke, placement of plaintiff in adm. detention without notice or hearing, and affirming disciplinary sanctions in collusion with retaliatory actions of defendants listed above, violates plaintiffs First Amendment right.

**RESPONSE: Defendant Lashbrook denies colluding with defendants and further denies violating Plaintiff's First Amendment rights whatsoever. Defendant Lashbrook denies the allegations in this paragraph. Defendants Gee, Spiller, Bookman, Hart, and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

61) Defendant Spiller, in punishing plaintiff by placing him in seg under poor living conditions, and transferring plaintiff to adm. detention unit, in retaliation for his exercise of his First Amendment right.

**RESPONSE: Defendant Spiller denies the allegations in this paragraph. Defendants Lashbrook, Gee, Bookman, Hart and McCarthy lack knowledge or information sufficient to**

form a belief as to the truth of the allegation.

> **Count II**
>
> **Plaintiff Was Denied Due Process Under the Fourteenth Amendment**
>
> 62) Defendant Bookman and Hart denied plaintiff due process at the adj. hearing by imposing a finding of guilt and sanction in collusion with retaliatory actions of Spiller and Gee.

**RESPONSE: Defendants Bookman and Hart deny the allegations in this paragraph and further deny violating Plaintiff's constitutional rights whatsoever. Defendants Lashbrook, Gee, Spiller, and McCarthy lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

> 63) Defendant Lashbrook and McCarthy, retaliated against plaintiff by refusing to speak with, or address his issues while on hunger strike, unless he became an informant.

**RESPONSE: Defendants Lashbrook and McCarthy deny the allegations in this paragraph and further deny violating Plaintiff's constitutional rights whatsoever. Defendants Bookman, Gee, Spiller, and Hart lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

> 64) Defendant Lashbrooke in colluding with Spiller and Gee, concurred on retaliatory disciplinary sanctions, and placed plaintiff in adm. detention unit without notice or hearing.

**RESPONSE: Defendants Lashbrook denies the allegations in this paragraph and further deny violating Plaintiff's constitutional rights whatsoever. Defendants Bookman, Gee, McCarthy, Spiller, and Hart lack knowledge or information sufficient to form a belief as to the truth of the allegation**.

Count III

65) Defendant Spiller violated plaintiffs Eigth amendment right to be free from Cruel and unusual punishment by depriving plaintiff reasonable access to basic personal hygiene materials, such as, Soap, a toothbrush, toothpaste, clean clothing, a fan, medication, cleaning supplies, or a bed roll, for fourteen days in retaliation.

**RESPONSE: Defendant Spiller denies the allegations in this paragraph and further deny violating Plaintiff's constitutional rights whatsoever. Defendants Lashbrook, Gee, Bookman, McCarthy, and Hart lack knowledge or information sufficient to form a belief as to the truth of the allegation**.

66) Defendant Kennedy violates plaintiffs Eigth Amendment right, by a failure to protect, as plaintiffs conditions of Confinement poses a substantial risk of serious harm.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

## PRAYER FOR RELIEF

VIII : Prayer for Relief
A) Order a Preliminary Injuction on defendants to place plaintiff in protective custody.

B) Order defendants to pay compensatory and punitive damages of $10,000 individually, and $25,000 collectively
C) Grant other just and equitable relief that this Honorable Court sees fit.

**RESPONSE: Defendants deny that Plaintiff is entitled to any relief whatsoever.**

## JURY DEMAND

**Defendants request a jury for all triable claims.**

## AFFIRMATIVE DEFENSES

**1.      Exhaustion of Administrative Remedies**

Plaintiff has filed suit concerning medical treatment while in custody of the Illinois Department of Corrections and therefore must exhaust all administrative remedies prior to filing suit. Plaintiff has failed to exhaust his administrative remedies as is required prior to filing a suit under 42 U.S.C. §1983.

**2.      Eleventh Amendment Immunity**

The Eleventh Amendment bars injunctive relief against the State or State employees acting in their official capacities without a first showing on ongoing constitutional deprivation. Because Plaintiff does not suffer from any ongoing constitutional deprivation, his request for injunctive relief is barred by the Eleventh Amendment. To the extent that the Plaintiff seeks injunctive relief, such relief is limited by the Eleventh Amendment of the United States Constitution.

3.      **Prison Litigation Reform Act**

The Prison Litigation Reform Act limits the scope of any injunctive relief entered into a prisoner civil rights case. 18 U.S.C. §3626. Because injunctive relief sought by Plaintiff is not narrowly tailored to correct the violation of a federal right, such request is barred by the Prion Litigation Reform Act.

4.      **Qualified Immunity**

At all times relevant to Plaintiff's claims, Defendant acted in the good faith performance of her official duties without violating Plaintiff's clearly established constitutional rights. Defendant is, therefore, protected from liability by the doctrine of qualified immunity.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully requests this Honorable Court deny Plaintiff any relief in this matter whatsoever and enter judgment in in their favor.

Respectfully submitted,

KENT BOOKMAN, SHAUN GEE, JASON HART, JACQUELINE LASHBROOK, NATHAN McCARTHY, and WILLIAM SPILLER,

Defendants,

KWAME RAOUL, Illinois Attorney General,

Hinal A. Patel, #6330260
Assistant Attorney General
500 South Second Street
Springfield, Illinois. 62701
(217) 782-5819 Phone
(217) 782-8767 Fax
hpatel@atg.state.il.us

Attorney for Defendants,

By: s/Hinal A. Patel
      Hinal A. Patel
      Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| ROBERT HALL, #R00852, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 18-cv-2009-SMY-RJD |
| | ) | |
| WILLIAM SPILLER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2019, the foregoing document, *Answer and Affirmative Defenses*, was electronically filed with the Clerk of the Court using the CM/ECF system which will electronically send notice to:

NONE

and I hereby certify that on the same date, I caused a copy of the foregoing described document to be mailed by United States Postal Service, in an envelope properly addressed and fully prepaid, to the following non-registered participant:

Robert Hall, #R00852
Inmate Mail/Parcels
Pontiac Correctional Center
PO Box 99
Pontiac, IL. 61764

Respectfully submitted,

 s/Hinal A. Patel
Hinal A. Patel
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 782-5819 Phone
(217) 782-8767 Fax
Email: hpatel@atg.state.il.us