IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT HALL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18-CV-2009-SMY-RJD ) |
| WILLIAM SPILLER, JACQUELINE LASHBROOK, MCCARTHY, SHAUN GEE, KENT BROOKMAN, and JASON HART, | ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Reona J. Daly (Doc. 36), recommending that Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies be granted (Doc. 29). Plaintiff Robert Hall filed timely an objection (Doc. 39). For the following reasons, Judge Daly's Report and Recommendation is **ADOPTED**.

## Background

Plaintiff Robert Hall, an inmate who is currently incarcerated at Pontiac Correctional Center, brings the instant civil rights action pursuant to 42 U.S.C. § 1983 for events that occurred at Menard Correctional Center from April 2017 to his transfer in November 2018 (Doc. 1). Plaintiff alleges he was retaliated against for answering questions related to a staff assault in a manner that Defendant Spiller and others did not want to hear. As a result, he was placed in administrative segregation for 15 days without necessary clothing and other items and subsequently issued a disciplinary ticket that resulted in 15 months of segregation. He further

alleges that Defendants Gee, Lashbrook, McCarthy, Bookman, and Hart either were complicit with the discipline, failed to intervene, and/or subjected him to unconstitutional conditions of confinement. Following threshold review (Doc. 7), Plaintiff is proceeding on the following claims:

> **Count 1:** First Amendment claim against Spiller for retaliating against Plaintiff for refusing to implicate other prisoners in a staff assault by placing him in administrative segregation for fifteen days, depriving him of certain items while he was in administrative segregation, issuing false disciplinary tickets (resulting in Plaintiff being punished with fifteen months in segregation), and labeling him an informant; against Gee for issuing a false disciplinary ticket; and against Lashbrook and McCarthy for failing to intervene on his behalf.
>
> **Count 2:** Fourteenth Amendment claim against Bookman and Hart for finding him guilty of the false disciplinary tickets and sentencing him to fifteen months in segregation.
>
> **Count 3:** Eighth Amendment claim against Spiller for exposing Plaintiff to a substantial risk of serious harm by falsely labeling him an informant, and against Lashbrook, and McCarthy for ignoring the subsequent threat to his safety.
>
> **Count 4:** Eighth Amendment claim against Spiller for subjecting Plaintiff to unconstitutional conditions of confinement when he was in administrative segregation for fifteen days (from April 24, 2017 through May 8, 2017).

Defendants moved for summary judgment, claiming Plaintiff failed to exhaust his administrative remedies prior to filing suit as to his claims against Lashbrook and McCarthy in Count 1 and Counts 3 and 4 (Doc. 29). After Plaintiff's response was filed (Doc. 32), Judge Daly held an evidentiary hearing on June 17, 2019 pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

Judge Daly issued the Report currently before the Court, setting forth the evidence presented by the parties, the applicable law, the requirements of the administrative process, and her conclusions. She found that there was no grievance that exhausted the claims in Counts 1 against Lashbrook and McCarthy and Count 3, and that Plaintiff did not fully exhaust his claim in Count 4 because he failed to timely submit a June 13, 2017 grievance to the Administrative Review

Board ("ARB"). As a result, she recommends that Plaintiff's claims that Lashbrook and McCarthy failed to intervene (Count 1) and that they ignored a threat to his safety (Count 3) be dismissed without prejudice. She further recommends that Plaintiff's claim that Spiller exposed him to a substantial risk of harm (Count 3) and subjected him to unconstitutional conditions of confinement (Count 4) also be dismissed without prejudice.

## Discussion

Because timely objections were filed, the undersigned must undertake a *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the Court to "give fresh consideration to those issues to which specific objections have been made" and to make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id*.

For his objection, Plaintiff argues his testimony that he submitted a grievance in September 2017 regarding Counts 1 and 3 should have been credited. He further argues that he timely appealed the June 13, 2017 grievance by placing it in institutional mail prior to the deadline. Finally, Plaintiff generally argues that additional discovery is required to resolve exhaustion issues.

The written record does not contain any grievance related to Plaintiff's claims against Lashbrook and McCarthy. However, at the *Pavey* hearing, Plaintiff testified that because he was in administrative segregation, he could not copy the grievance, nor did he have any control over the grievance when it was picked up from his cell by members of the Intelligence Unit – either Defendant McCarthy or Correctional Officer Gate (who is not a party to this litigation). Judge

Daly found that Plaintiff was not credible in his claim that he submitted a grievance in mid-September 2017 because there is no record of it and no mention of it in Plaintiff's Cumulative Counseling Summary even though Plaintiff had spoken to Counselor Susan Hill about the grievance. Thus, she found that the grievance process was not made unavailable and that Plaintiff simply failed to avail himself of the process.

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). Proper exhaustion requires that inmates file complaints and appeals in the place, at the time, and in the manner the prison's administrative rules require. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). Administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.*

During a *Pavey* hearing, Magistrate Judges are in the best position to assess a witness' credibility. *Kraushaar v. Flanigan*, 45 F.3d 1040, 1052 (7th Cir. 1995). Judge Daly assessed Plaintiff's credibility and determined that he was not credible in his assertion that he submitted a September 2017 grievance. Plaintiff's Cumulative Counseling Summary, notwithstanding Plaintiff's unsupported assertion that it is "not complete," does not contain a reference to any grievance submitted in September 2017. Moreover, Plaintiff's Complaint affirmatively states that he submitted and exhausted grievances in accordance with the administrative rules. There is no

mention in Plaintiff's detailed Complaint that a grievance was submitted and not responded to. For these reasons, this Court likewise finds that Plaintiff did not file a September 2017 grievance and therefore did not exhaust his administrative remedies as to Lashbrook and McCarthy in Counts 1 and 3. *See Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) (finding that the district court is not required to conduct an additional evidentiary hearing to review a magistrate judge's credibility findings).

As to Count 4, it is undisputed that Plaintiff submitted a June 13, 2017 grievance in which he complained about his placement in administrative segregation (Doc. 1-1, p. 25-29). He received a response from the Warden on June 23, 2017 and signed the Appeal to the Director on June 28, 2017 (*Id*. p. 30). It is further undisputed that the ARB did not received the appeal until August 7, 2017. Illinois' Administrative Code states that appeals "must be received" by the ARB within 30 days of the Warden's decision. 20 Ill. Admin. Code § 504.850(a). An inmate forfeits the grievance process when he causes the unavailability of a remedy by not filing or appealing a grievance in a timely manner. *See Kaba*, *v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Plaintiff argues that he submitted the grievance for mailing on "approximately" July 20, 2017 and that additional discovery would show when it was actually mailed to the ARB and support his position that it was appealed in a timely manner. Plaintiff's request for discovery comes too late as arguments not raised before the Magistrate Judge are waived. *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000). If Plaintiff believed that additional discovery would have supported his position, he should have made the request prior to his objection to the Report. Because the undisputed evidence reveals that the ARB did not receive the appeal until after the 30- day period, the June 13, 2017 grievance was not fully exhausted and Count 4 must be dismissed without prejudice.

**Conclusion**

For the foregoing reasons, Judge Daly's Report (Doc. 36) is **ADOPTED in its entirety**. Accordingly, Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies is **GRANTED** (Doc. 29) and Defendants Lashbrook and McCarthy, Count 3, and Count 4 are **DISMISSED from this action without prejudice**. Plaintiff shall proceed on the following claims:

> **Count 1:** First Amendment claim against Spiller for retaliating against Plaintiff for refusing to implicate other prisoners in a staff assault by placing him in administrative segregation for fifteen days, depriving him of certain items while he was in administrative segregation, issuing false disciplinary tickets (resulting in Plaintiff being punished with fifteen months in segregation), and labeling him an informant, and against Gee for issuing a false disciplinary ticket.
>
> **Count 2:** Fourteenth Amendment claim against Bookman and Hart for finding him guilty of the false disciplinary tickets and sentencing him to fifteen months in segregation.

**IT IS SO ORDERED.**

**DATED: November 4, 2019**

**STACI M. YANDLE**
**United States District Judge**